# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAUL S. LEVAN, | )<br>) |
| Petitioner, | ) Case No. 4:19-CV-831<br>) |
| v. | ) Judge Dan Aaron Polster<br>) |
| UNITED STATES OF AMERICA, | ) **OPINION AND ORDER**<br>) |
| Respondent. | )<br>) |

On April 15, 2019, Petitioner Paul S. Levan filed the instant Petition for Writ of Habeas Corpus by a person in federal custody, pursuant to 28 U.S.C. § 2241. Doc #: 1. In his Petition, Levan seeks immediate release pursuant to the First Step Act's amendment regarding good time credits. *See id*. The Federal Public Defender's Office filed a Supplement to Levan's Petition on April 29, 2019. Doc #: 3. The Government filed a Motion to Dismiss and Brief in Opposition to the Petition and Supplement on May 23, 2019. Doc #: 5. Levan filed his Reply brief on May 28, 2019. Doc #: 6. For the reasons that follow, Levan's Petition is **DENIED**.

On January 9, 1988, Levan was sentenced by the Eastern District of Pennsylvania to 293 months imprisonment, ten years of supervised release, and a $100.00 special assessment for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. *See* Case No. 2:97-CR-225-02, Doc #: 78. While incarcerated, Levan was charged in the District of New Jersey with another methamphetamine-related conspiracy charge. *See* Case No. 1:12-CR-839-1, Doc #: 17. On May 15, 2013, Levan was sentenced by the District of New Jersey to 120 months imprisonment, five years supervised release, and a $100.00 special assessment for conspiracy to

possess and attempt to possess methamphetamine. *See id.*, Doc #: 24. The District of New Jersey ordered Levan's second sentence to run consecutively with his original 293 months sentence for a total of 413 months. *Id.* On December 1, 2017, the Eastern District of Pennsylvania reduced Levan's original sentence to 188 months. *See* Case No. 2:97-CR-225-02, Doc #: 146. Levan has served approximately 265 months of his 308-month sentence. He is currently incarcerated at the Elkton Federal Correctional Institution and has a projected release date of October 2, 2019.

The Bureau of Prisons ("BOP") must release a federal prisoner on the date of the expiration of the prisoner's term of imprisonment, less any time credited towards his sentence. *See* 18 U.S.C. § 3624(a). Title 18 U.S.C. § 3624(b) provides a credit toward service of sentence for satisfactory behavior ("good time credit"). The BOP originally interpreted 18 U.S.C. § 3624(b) to allow a 47-day reduction in a prisoner's sentence for each year served. The First Step Act amended § 3624(b) to afford prisoners a 54-day per year served reduction. *See* Pub.L. 115-391, Title I, § 102(b)(1)(A), (2), Dec. 21, 2018, 132 Stat. 5210, 5213. Levan argues that he is subject to immediate release because, pursuant to this amendment, he was entitled to be released on April 8, 2019. However, the First Step Act's amendment to the good time credit provision does not become effective until "the date that the Attorney General completes and releases the risk and needs assessment system[.]" *Id*. The Attorney General has until July 19, 2019 to develop and publicly release the risk and needs assessment system. *See* 18 U.S.C. § 3632(a) ("Not later than 210 days after the date of enactment of this subchapter, the Attorney General . . . shall develop and release publicly . . . a risk and needs assessment system[.]").

Levan argues that the delayed effective date should apply only to earned time credits, not good time credits, because the risk and needs assessment system only effects the calculation of earned time credits. Doc #: 1 at 6. The Court agrees that the risk and needs assessment system is

being developed to calculate earned time credits, not good time credits. *See* 18 U.S.C. § 3624(g)(1)(A). Earned time credits are credits that a prisoner can earn by completing recidivism-reduction programming. 18 U.S.C. § 3632(d)(4)(A)(i). For every 30 days of successful participation in such programming, a prisoner can earn at least 10 days of credit. *Id.* The risk and needs assessment system will determine the type and amount of recidivism reduction programming that is appropriate for each prisoner. 18 U.S.C. § 3632(a)(3). The risk and needs assessment system will not affect the calculation of good time credits. However, Congress was explicit that the delayed effective date applies to *all* amendments made to § 3624, including the amendment to good time credits. The Court will not construe the First Step Act in a way that is wholly inconsistent with Congress's plain language. Thus, Levan is not entitled to a re-calculation of his good time credits until the Attorney General completes his risk and needs assessment system by July 19, 2019. Accordingly, Levan's Petition is **DENIED**.

Nevertheless, should the Attorney General fail to complete the risk and needs assessment system by his deadline under the statute, July 19, 2019, the Court hereby **ORDERS** that the BOP release Levan no later than July 29, 2019. The Government does not dispute that Levan is eligible to be immediately released once his good time credits have been calculated pursuant to the First Step Act's amendment. Therefore, the Court finds that it would be unfair and inconsistent with Congress's intent to keep Levan waiting past the statutory deadline.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 3, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**